UNITED STATES

v.

**Airman First Class Richard A. NIGHTINGALE, FR040–68–1846, United States Air Force.**

**ACM 32658.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 19 Dec. 1996.

Decided 28 May 1998.

Appellate Counsel for Appellant: Colonel Douglas H. Kohrt, Lieutenant Colonel Kim L. Sheffield, and Major Carol L. Hubbard.

Appellate Counsel for United States: Colonel Brenda J. Hollis, Lieutenant Colonel Michael J. Breslin, and Lieutenant Colonel William B. Smith.

Before ROTHENBURG, Chief Judge, SENANDER and SPISAK, Appellate Military Judges.

OPINION OF THE COURT

UPON RECONSIDERATION

SENANDER, Judge:

Having issued our original opinion on March 24, 1998, in light of the order by the United States Court of Appeals of the Armed Forces, in *United States v. Carter,* No. 97–1121/AF (Apr 4, 1998), and pursuant to the government's request, we reconsider our position on unitary sentencing.

The appellant was convicted, pursuant to mixed pleas, by a military judge sitting as a general court-martial of disobeying an order, use of marijuana and psilocybin, and wrongful solicitation of another airman to distribute marijuana and lysergic acid diethylamide (LSD). Articles 92, 112a, and 134, UCMJ, 10

U.S.C. §§ 892, 912a, 934 (1994). His approved sentence is a bad-conduct discharge, 7 months confinement, and reduction to the grade of E-1. The appellant asserts the military judge erred when he denied a motion to dismiss because of selective prosecution and that the application of the change to Article 57, UCMJ, 10 U.S.C.A. § 857, violates the *Ex Post Facto* Clause of the Constitution.

■ To prove selective prosecution a defendant must show: (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution; and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, *i.e.,* based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights. *United States v. Gargaro,* 45 M.J. 99 (1996); *United States v. Hagen,* 25 M.J. 78, 83–84 (C.M.A.1987).

■ The appellant asserts that three other airmen were involved in similar offenses, but received lesser punishment. He attributes the disparate treatment to his exercise of his right to remain silent when questioned by law enforcement authorities. The other three individuals were each granted testimonial immunity to testify in the appellant's trial. One individual was tried by special court martial and was sentenced to four months confinement, and reduction to airman basic for use of marijuana, LSD, and psilocybin. The second airman was administratively discharged in lieu of trial by court-martial for use of marijuana and LSD. The third individual initially refused to make a statement and did so only after being offered testimonial immunity. He was punished under the provisions of Article 15, UCMJ, 10 U.S.C.A. § 815, for absence without leave and use of marijuana and psilocybin.

We find there was a difference between the appellant and his three friends in that the appellant disobeyed his commander's order to stay away from one of the witnesses. In addition, at the time the convening authority made his decision to prosecute by general court-martial, the appellant faced additional charges of wrongful use of percocet and wrongful solicitation of another airman to distribute percocet. Most importantly, we find the appellant has failed to show any bad faith in the government's decision to prosecute him. The appellant's asserted error is without merit.

■ In *United States v. Gorski,* 47 M.J. 370 (1997), the United States Court of Appeals for the Armed Forces ruled that the application of Article 57(a) and Article 58b, UCMJ, to crimes which occurred before April 1, 1996, violates the *Ex Post Facto* Clause of the United States Constitution. In the appellant's case some of his offenses occurred after April 1, 1996. The United States Court of Appeals for the Armed Forces has ruled, based on the military justice system's unitary sentencing concept, that if any offense before a court-martial occurred after the April 1, 1996, effective date of Articles 57(a) and 58b, the provisions of those Articles apply to the accused and raise no *ex post facto* application concerns. *United States v. Carter,* No. 97–1121/AF (Apr 4, 1998).

The approved findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Chief Judge ROTHENBURG and Judge SPISAK concur.